UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| SOL SHEINBEIN, )<br>)<br>            Petitioner, )<br>)<br>            v. )<br>)<br>JON W. DUDAS, )<br>DIRECTOR, UNITED STATES )<br>PATENT AND TRADEMARK OFFICE, )<br>)<br>           Respondent. )<br>_____) | Civ. A. No. 05-01460 (ESH) |

## RESPONDENT'S ANSWER

Respondent Jon W. Dudas, Director, United States Patent and Trademark Office ("Respondent" or "USPTO"), by and through its undersigned counsel, hereby answers Plaintiff's Petition for Review ("Petition"):

### FIRST DEFENSE

The Petition fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

In response to the unnumbered sections, as well as the unnumbered and numbered paragraphs of the Petition, Respondent admits, denies, or otherwise states as follows:

The first paragraph in the Petition, which is unnumbered, is Petitioner's characterization of the case, as to which no answer is required.

The second paragraph in the Petition, entitled "Jurisdiction" by Petitioner, contains conclusions of law as to which no answer is required.

The first section of the Petition, entitled "Defendant's Arbitrary and Capricious Acts" by Petitioner, contains numbered paragraphs 1-7, which are answered as follows:

1. Petitioner's characterization in paragraph 1 of Respondent's actions is argument to which no answer is required. To the extent an answer is required, Respondent denies the allegations in paragraph 1, except Respondent admits that Petitioner has been excluded from practice before the USPTO.

2. Petitioner's characterization in paragraph 2 of Respondent's actions is argument to which no answer is required. To the extent an answer is required, Respondent denies the allegations in paragraph 2, except that Respondent admits Petitioner's disbarment from the bars of Maryland and the District of Columbia violated USPTO's rules of practice.

3. Petitioner's characterization in paragraph 3 of Respondent's actions is argument to which no answer is required. To the extent an answer is required, Respondent denies the allegations in paragraph 3.

4. Petitioner's characterization in paragraph 4 of Respondent's actions is argument to which no answer is required. To the extent an answer is required, Respondent denies the allegations in paragraph 4.

5. Petitioner's characterization in paragraph 5 of Respondent's actions is argument to which no answer is required. To the extent an answer is required, Respondent denies the allegations in paragraph 5.

6. Petitioner's characterization in paragraph 6 of Respondent's actions is argument to which no answer is required. To the extent an answer is required, Respondent denies the allegations in paragraph 6.

7. Petitioner's characterization in paragraph 7 of Respondent's actions is argument to which no answer is required. To the extent an answer is required, Respondent denies the

allegations in paragraph 7.

The second section in the Petition, entitled "Background" by Petitioner, contains numbered paragraphs 1-7, which are answered as follows:

1. Paragraph 1 constitutes Petitioner's description and characterization of his own actions. Respondent is without knowledge or information sufficient to form a belief as to the truth of these allegations, therefore, no response is required. To the extent a response is required, Respondent admits that Petitioner sent his son to Israel on September 21, 1997, while the authorities wanted to question Petitioner's son in connection with a murder.

2. Paragraph 2 constitutes Petitioner's description and characterization of the decision of the Maryland Court of Appeals, and therefore no response is required. To the extent a response is required, Respondent admits that Petitioner was disbarred from law practice in Maryland on December 16, 2002.

3. Respondent is without knowledge or information sufficient to form a belief as to the truth of these allegations, therefore, no response is required. To the extent a response is required, Respondent admits that Petitioner was disbarred by both Maryland and the District of Columbia.

4. Admitted.

5. Admitted.

6. Admitted.

7. Respondent admits the first two sentences of paragraph 7. The remainder of paragraph 7 consists of conclusions of law to which no response is required.

The third section in the Petition, entitled "Statutory Authority to Discipline Practitioners"

by Petitioner, primarily contains conclusions of law as to which no response is required. To the extent a response is required, Respondent admits that the USPTO has approximately 30,000 practitioners authorized to practice before the USPTO, and that approximately 1/4 of those practitioners are not members of a state bar, but are instead classified as Patent Agents.

The fourth section in the Petition, entitled "The Final Decision of the Defendant" by Petitioner, contains Petitioner's characterization of Respondent's exclusion of Petitioner from practice before the USPTO, to which no response is required. To the extent a response is required, Respondent admits that on May 5, 2005, Respondent determined that Petitioner had violated 37 C.F.R. § 10.23 and USPTO Disciplinary Rule 10.23(c)(5) by virtue of his disbarment from the State of Maryland and District of Columbia bars.

The fifth section in the Petition, entitled "Stipulations by Plaintiff" by Petitioner, contains Petitioner's consists of argument as well as Petitioner's characterization of the case, to which no response is required. To the extent a response is required, Respondent admits that Petitioner's conduct on September 21, 1997, provided proper grounds for the USPTO to discipline Petitioner, and that Petitioner was disbarred in both Maryland and the District of Columbia on ethical grounds.

The sixth section in the Petition, entitled "Stipulations by Defendant" by Petitioner, contains Petitioner's characterization of Respondent's actions, and is argument to which no response is required. To the extent a response is required, Respondent admits to filing a Brief in Support of Director's Motion for Summary Judgment on July 16, 2004, which contains the paragraph cited by Petitioner in his Petition.

The remaining sections in the Petition, found on pages 8-24, and entitled "The Issue

Before the Court," "Arguments," and "Conclusion" by Petitioner, consist of either argument or Petitioner's request for relief, to which no response is required. To the extent a response is required, Respondent denies the allegations contained in these sections. Respondent further denies that Petitioner is entitled to the relief requested or to any relief whatsoever.

Except to the extent expressly admitted or qualified above, Respondent denies each and every allegation of the Petition. Having fully answered, Respondent respectfully requests that the Court dismiss this case with prejudice, grant its costs incurred herein, and grant such other relief as this Court deems appropriate.

Dated: August 22, 2005.

Respectfully submitted,
_/s/ _____
KENNETH L. WAINSTEIN
DC BAR #451058
United States Attorney
_/s/_____
R. CRAIG LAWRENCE
DC Bar #171538
Assistant United States Attorney
_/s/_____
HEATHER PHILLIPS
CA Bar # 191620
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., Rm E4412
Washington, DC 20530
(202) 307-0258