# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SOL SHEINBEIN )
)
)
PLAINTIFF )
)
V )
) **CIVIL ACTION NO. 05-1460**
JON DUDAS ) **(ESH)**
Director, U.S. Patent & Trademark Office )
)
)
DEFENDANT )

## REPLY TO RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION FOR SUMMARY JUDGMENT

1.      The characterization by Respondent – Defendant ("Defendant") that Petitioner – Plaintiff ("Plaintiff") has attempted to obfuscate the case before the Court is completely misguided.

The fact of the matter is that it is Defendant that continuously changes its position on the case, confusing the Court as to the defense Defendant is asserting at that moment. Defendant has regularly changed its position, sometimes asserting that the Maryland disbarment is the conduct of Plaintiff, sometimes that it is proof of Plaintiff's being disreputable, and sometimes that it is a combination of the two.

Plaintiff has continuously maintained a single position, namely that Plaintiff's disbarment was not conduct of Plaintiff.

Defendant's characterization of the case as "very simple" is accurate. In fact, describing Plaintiff's position as "that his disbarment somehow cannot count as 'conduct' because it was

something that happened to him rather than something he did" is a good summary of a large part of Plaintiff's argument, if the surplus word "somehow" were to be removed from this sentence.

2.     Defendant asserts at Page 2 that "[h]owever the term conduct ...is defined in a dictionary", or how it is used in plain English, Plaintiff's disbarment is Plaintiff's conduct, regardless of Plaintiff's attempt to prevent such event from occurring. Why? Because the agency (USPTO) defined/deemed it as such in their regulation. Period. Defendant then asks the Court to affirm the agency position on the grounds that such a definition is reasonable. How is it reasonable to define non-conduct to be conduct?

3.     At Page 3, Defendant reverts to the "shown to be disreputable" provision of 35 U.S.C. §32 as the basis for the regulation, and questions how Plaintiff can support his assertion that the 37 CFR §10.23 regulation is based on the "misconduct" provision of 35 U.S.C. §32, "beyond the fact that the word is used in the regulation".

A.     The short response is that the regulation is so entitled, and all of the subclauses in sections (a) and (b) are so written, as is the preamble to the example section (c). In fact the word appears no less than 27 times in this regulation. What could be clearer?

B.     Defendant also wishes the Court to ignore that Plaintiff also relies on the fact that the USPTO's own definition of a Disciplinary Rule is, according to 37 CFR §10.20, requires that Disciplinary Rules relate to "**practitioner *conduct***" exclusively, and that 37 CFR §10.20 defines the 37 CFR §10.23 clauses as a listing of Disciplinary Rules.

4.     Even the reference of "disreputable" language in clause (a) of Section 10.23 is intended to address "disreputable *conduct*" (Poole v. United States, 1984 WL 742, D.D.C. 1984), and not the "shown to be disreputable" aspect of 35 U.S.C. §32. Defendant's interpretation of

Plaintiff's position at Page 5, first four lines, is not correct and is without basis.

It is clear that the USPTO regulations as they were drafted addressed only the conduct/misconduct aspect of 35 U.S.C. §32, as clearly enunciated by 37 CFR §10.20. Contrary to the assertion by Defendant that Plaintiff would read the term "disreputable" entirely out of the regulations, Plaintiff is not reading anything out at all. Other than "disreputable...*conduct*", the term "disreputable" has never been in the regulations.

Defendant ascribes to the Plaintiff an opinion that the USPTO intended to implement only a portion of its full statutory authority. To say that the USPTO intended to do what it did ascribes too much foresight to the USPTO. When the regulations were issued, no one knew that the USPTO was bound by the statute of limitations. At that time, a disbarment was considered to provide proof of an instance of misconduct, and no one at the USPTO thought it needed to be overly concerned with when the misconduct occurred. After the Johnson v. Securities and Exchange Comm'n, 87 F.3d, 484, 488-89 (D.C.Cir. 1996) decision, the time of the misconduct became important. But no one at the USPTO had the foresight to see that the USPTO needed to modify its disciplinary regulations if it intended disbarment beyond the period of the limitations on the underlying misconduct to continue to be grounds for exclusion. Whether or not intended, the USPTO did implement only a portion of its statutory authority.

5.    Defendant's reliance on Proffitt v. FDIC, 200 F.3d 855 (2000) is misguided. The statutory authority in Proffitt required that three elements be met before the Statute of Limitations began to run. The statutory authority granted the USPTO 35 U.S.C. §32 requires only one element to be met before the Statute of Limitations begins to run. Since the USPTO drafted regulations that addressed only one of these elements, namely "misconduct", the clock begins to run when the

misconduct occurred, and not when the USPTO decides it should begin to run, by drafting regulations that, as interpreted herein, are "inconsistent with law", 35 U.S.C. §2(B)(2)(d).

6.     Defendant asserts that "each disbarment [of Plaintiff] started a new Statute of Limitations clock". If the position of the USPTO is upheld, the Court would, as a practical matter, give the USPTO the power to determine when the Statute of Limitations will be triggered. The USPTO position is that the Statute of Limitations would be triggered not by objective facts, but rather that it should be allowed to decide when the statutory period should begin to run. The proper interpretation is that the Statute of Limitations begins to run when the factual and legal prerequisites for an enforcement action are in place, *See 3M Co. v. Browner*, 17 F.3d 1453, 1460-63 (D.C. Cir. 1994) at 1460. There is no question that these prerequisites were in place at the time of Plaintiff's misconduct. There is no practical excuse for the USPTO not having brought this action sooner. It is clear that the USPTO does not like being inhibited by a Statute of Limitations, but Congress enacted the statute precisely to inhibit agencies, including the USPTO, from delaying action until the agencies found it convenient to act. The agencies do not have the option of indefinite delay, especially when they know the relevant facts early.

7.     In section 5 of its argument, Respondent sets forth in detail what in its opinion would be the horrible consequences if the USPTO should follow the Statute of Limitations as written. If the law as written has horrible consequences, which Plaintiff denies, the Government should work to get the law changed, but it should not ignore the law while it is still in effect. Congress knew, when it passed the law, that people who might otherwise be convicted or disciplined, would not be convicted or disciplined because of this law, but it passed the law anyway. The USPTO does not have veto power.

CONCLUSION

The sole issue before the Court has been joined. The Court is asked to decide whether Plaintiff's disbarments is conduct of Plaintiff, or whether it is not conduct of Plaintiff. Plaintiff's Motion for Summary Judgment should be granted and Defendant's Motion for Summary Affirmance denied.

Respectfully submitted,

Dated: October 15, 2005

Sol Sheinbein, *pro se*
c/o Castorina
310 Shadow Walk
Falls Church, Virginia 22046
(703) 534-0673

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SOL SHEINBEIN                              )
                                          )
                                          )
        PLAINTIFF                         )
                                          )
                                          )
        V                                 )
                                          )        **CIVIL ACTION NO. 05-1460**
JON DUDAS                                 )                **(ESH)**
Director, U.S. Patent & Trademark Office  )
                                          )
                                          )
        DEFENDANT                         )


**U.S. District Court for the District of Columbia**
**333 Constitution Avenue NW**
**Washington, DC 20001**

### CERTIFICATE OF SERVICE

I, Sol Sheinbein, certify that a copy of the attached Reply to Respondent's Opposition

to Petitioner's Motion for Summary Judgment was sent by certified, first-class, return

receipt requested mail on October 15, 2005, to:

U.S. District Court for the District of Columbia
333 Constitution Avenue NW
Washington, DC 20001

Heather Phillips, Esq.
Kenneth L. Wainstein, Esq.
R. Craig Lawrence, Esq.
U.S. Attorney for the District of Columbia
555 4th Street, N.W.
Washington, DC 20001.


Dated: October 15, 2005                 By:    _Sol Sheinbein_ _____

                                               Sol Sheinbein, *pro se*
                                               c/o Castorina
                                               310 Shadow Walk
                                               Falls Church, Virginia 22046
                                               (703) 534-0673