# United States Court of Appeals for the Federal Circuit

06-1161

SOL SHEINBEIN,

Plaintiff-Appellant,

v.

Jon W. Dudas, DIRECTOR, U.S. PATENT AND TRADEMARK OFFICE,

Defendant-Appellee.

# JUDGMENT

ON APPEAL from the  UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

in Case NO(S).   05-CV-1460

*This CAUSE having been heard and considered, it is*

*ORDERED and ADJUDGED:*

**AFFIRMED**

**ENTERED BY ORDER OF THE COURT**

DATED SEP 2 5 2006

*Jan Horbaly, Clerk*

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE.
UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT
By: _____ Date: 11/27/06

ISSUED AS A MANDATE: NOV 27 2006

RECEIVED MAILROOM
2006 NOV 30 A 9 52
U.S. PROBATION OFF
DISTRICT OF COLUMBIA

# United States Court of Appeals for the Federal Circuit

06-1161

SOL SHEINBEIN,

Plaintiff-Appellant,

v.

Jon W. Dudas, DIRECTOR, U.S. PATENT AND TRADEMARK OFFICE,

Defendant-Appellee.

Sol Sheinbein, of Falls Church, Virginia, pro se.

John M. Whealan, Solicitor, Office of the Solicitor, United States Patent and Trademark Office, of Arlington, Virginia, for defendant-appellee. With him on the brief were Thomas L. Stoll, Linda M. Isacson, and Sydney O. Johnson, Jr., Associate Solicitors.

Appealed from: United States District Court for the District of Columbia

Judge Ellen Segal Huvelle

# United States Court of Appeals for the Federal Circuit

06-1161

SOL SHEINBEIN,

Plaintiff-Appellant,

v.

Jon W. Dudas, DIRECTOR, U.S. PATENT & TRADEMARK OFFICE,

Defendant-Appellee.

---

DECIDED: September 25, 2006

---

Before NEWMAN, LOURIE, and RADER, Circuit Judges.

LOURIE, Circuit Judge.

## DECISION

Sol Sheinbein appeals from the judgment of the United States District Court for the District of Columbia sustaining the decision of the United States Patent and Trademark Office ("USPTO") excluding Sheinbein from practice before the USPTO. Sheinbein v. Dudas, Civ. No. 05-1460 (D.D.C. Oct. 25, 2005) ("Decision"). Because the USPTO has statutory authority to so exclude Sheinbein based on his disbarment in other jurisdictions, and because the statute of limitations does not preclude Sheinbein's exclusion, we affirm.

Sheinbein appealed the USPTO's decision to the United States District Court for the District of Columbia. Id., slip op. at 4. On October 24, 2005, the district court granted the USPTO's motion for summary judgment of affirmance and dismissed the case. Id., slip op. at 8. The court held that the clear and unambiguous language of the applicable USPTO regulations, 37 C.F.R. § 10.23(a), (b), and (c)(5), supported Sheinbein's exclusion from practice in the USPTO. Id. The court also rejected Sheinbein's argument that the five-year statute of limitations imposed by 28 U.S.C. § 2462 precluded his exclusion from practice. Id., slip op. at 6. The court reasoned that the trigger for the statute of limitations was Sheinbein's actual disbarment by the State of Maryland and the District of Columbia in 2002 and 2004. Id. Further, the court determined that there was no basis for it to limit, as argued by Sheinbein, the "conduct" referred to in the USPTO regulation to the underlying misconduct that resulted in the disbarments. Id., slip op. at 7-8.

Sheinbein timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1). See Wyden v. Comm'r of Patents and Trademarks, 807 F.2d 934, 936 (Fed. Cir. 1986) ("An action for review of a decision of the Commissioner of the Patent and Trademark Office disciplining an attorney pursuant to 35 U.S.C. § 32 arises under an Act of Congress relating to patents. Therefore, jurisdiction in the District Court is based at least in part on 28 U.S.C. § 1338, and appellate review of that court's decision is granted exclusively to the Federal Circuit by 28 U.S.C. § 1295(a).").

## DISCUSSION

We review a district court's grant of summary judgment de novo, reapplying the standard applicable in the district court. Rodime PLC v. Seagate Tech., Inc., 174 F.3d

jurisdiction, adopting Sheinbein's position would result in the USPTO being precluded from imposing reciprocal discipline where it would be justified.

We agree with the government that it properly excluded Sheinbein from practice in the USPTO based on his disbarment in the State of Maryland and the District of Columbia. As an initial matter, we note that because the parties do not dispute the facts, the only issues before us are that of statutory and regulatory interpretation. 35 U.S.C. § 32 provides that the USPTO has statutory authority to exclude "from further practice before the Patent and Trademark Office, any person, agent, or attorney shown to be incompetent or disreputable, or guilty of gross misconduct, or who does not comply with the regulations established under section 2(b)(2)(D) of this title." 35 U.S.C. § 2(b)(2)(D) delegates to the USPTO the authority to establish regulations that "govern the . . . conduct of . . . attorneys" practicing before the Office.

Pursuant to this statutory authority, the USPTO has enacted disciplinary rules. As stated in 37 C.F.R. § 10.20, "Disciplinary Rules are set out in §§ 10.22-10.24. . . . Disciplinary Rules are mandatory in character and state the minimum level of conduct below which no practitioner can fall without being subjected to disciplinary action." 37 C.F.R. § 10.20(b). One such disciplinary rule is 37 C.F.R. § 10.23. 37 C.F.R. § 10.23(a) and (b) provide that:

    (a)    A practitioner shall not engage in disreputable or gross misconduct.
    (b)    A practitioner shall not:
        (1)    Violate a Disciplinary Rule.
        (2)    Circumvent a Disciplinary Rule through actions of another.
        (3)    Engage in illegal conduct involving moral turpitude.
        (4)    Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.
        (5)    Engage in conduct that is prejudicial to the administration of justice.
        (6)    Engage in any other conduct that adversely reflects on the

of Maryland in 2002 and the District of Columbia in 2004, the legal prerequisites for his exclusion were not satisfied until those acts occurred. The USPTO's filing of its complaint in March 2004 therefore occurred within the limitations period.

We have considered Sheinbein's remaining arguments and find them to be unpersuasive. The decision of the district court is therefore

AFFIRMED.

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE.
UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
By: [signature]   Date: 11/27/06

NOTE: Pursuant to Fed. Cir. R. 47.6, this order is not citable. It is a public order.

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

**ORDER**

Before Newman, Circuit Judge, Lourie, Circuit Judge, and Rader, Circuit Judge.

A petition for rehearing having been filed by the Appellant,

UPON CONSIDERATION THEREOF, it is

ORDERED that the petition for rehearing be, and the same hereby is, DENIED.

The mandate of the court will issue on November 27, 2006.

FOR THE COURT,

/s/ Jan Horbaly

Jan Horbaly
Clerk

Dated: 11/20/2006

cc: Sol Sheinbein
    John M. Whealan

SHEINBEIN V DUDAS, 2006-1161
(DCT - 05-CV-1460)

FILED
U.S. COURT OF APPEALS
THE FEDERAL CIRCUIT

NOV 2

JAN

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

06-1161

SOL SHEINBEIN,

Plaintiff-Appellant,

v.

Jon W. Dudas, DIRECTOR, U.S. PATENT AND TRADEMARK OFFICE,

Defendant-Appellee.

O R D E R